UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RANDALL PARKES,

        Plaintiff,

v.                                                    CASE NO.  8:09-cv-2132-T-23MAP

U-HAUL CO. OF FLORIDA,

        Defendant.

_____/

## O R D E R

A January 29, 2010, order (Doc. 18) compels arbitration of this matter but denies

the defendant's motion for "an order enforcing the class action waiver provision in the

parties' arbitration agreement."  The defendant moved for "reconsideration," and a

March 18, 2010, order (Doc. 23) denies the motion and states, "Neither 'enforcing' nor

refusing to 'enforce' any contractual clause (except the agreement to arbitrate), the

January 29, 2010, order commits the parties' dispute in toto to arbitration."  The

defendant moves (Doc. 24) for certification of an interlocutory appeal to determine

"[w]hether the enforceability of the express class action waiver provision contained in

the parties' agreement to arbitrate must be determined by the Court or by an arbitrator."

Rule 3 of the American Arbitration Association's Supplementary Rules for Class

Arbitrations directs the arbitrator to determine, "as a threshold matter, . . . whether the

applicable arbitration clause permits the arbitration to proceed on behalf of or against a

class."  The Rules provide a thirty-day stay "to permit any party to move a court of

competent jurisdiction to confirm or vacate" the arbitrator's decision on the availability of

class arbitration.  See Pedcor Mgmt. Co. Welfare Benefit Plan v. Nations Personnel of Texas, Inc., 343 F.3d 355, 360 (5th Cir. 2003) ("[I]f the arbitration provision clearly did forbid class arbitration, then the arbitrators could—and under [Bazzle v. Green Tree Fin. Corp., 539 U.S. 444 (2003)] should—make this call without any prior analysis by a court. In short, . . . it should not be necessary for a court to decide initially whether an arbitration agreement clearly forbids class arbitration.").

The defendant's motion identifies neither a "substantial ground for difference of opinion" on a "controlling question of law" nor a practical opportunity to "materially advance the ultimate termination of the litigation."  In fact, an immediate appeal of this threshold issue merely delays "the ultimate termination of the litigation."  The defendant's "motion to certify the Court's January 29, 2010, order for interlocutory appeal" is **DENIED**.

ORDERED in Tampa, Florida, on April 5, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE